First Department, January, 1965

(January 12, 1965)

■ Harry A. Adams, Appellant, v. Kingman School, Respondent, et al., Defendants.— Order, entered on December 9, 1964, unanimously modified, on the law, to provide that the judgment is set aside and vacated solely as to the defendant, The Kingman School; and the order is otherwise affirmed, with $30 costs and disbursements to defendant-respondent. Settle order on notice  Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.

(January 19, 1965)

■ City of New York et al., Respondents, v. Stanley L. Wang, Defendant, and Poetry Cafe, Inc. et al., Appellants.— Order, entered on December 7, 1964, denying plaintiffs' motion for a temporary injunction and directing the cause be placed on the Ready Trial Calendar of December 11, 1964, unanimously modified, on the law and on the facts, to the extent of deleting the last decretal paragraph providing for the placing of the cause on the Ready Trial Calendar of December 11, 1964, and, as so modified, affirmed, with $30 costs and disbursements to defendants-appellants. The direction for an immediate trial runs contrary to the court rule providing for the consent of the parties as a condition precedent to the granting of an immediate trial where an application is made for a temporary injunction. (New York County Supreme Court Rules, Special Terms, rule II, subd. 8; *Landau* v. *Landau,* 22 A D 2d 868; *Audio Fid.* v. *Dukes of Dixieland,* 20 A D 2d 776; *Morton N. Y. City Corp.* v. *Wolfson,* 15 A D 2d 645.) Motion for a stay dismissed having become academic by virtue of the decision decided herewith. Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.